FISH v. HAHN.

(Supreme Court, Appellate Division, First Department. February 7, 1908.)

1. PRINCIPAL AND AGENT—BUILDING SUPERINTENDENTS—SERVICE.

Where plaintiff declared on a contract of employment by defendant, by which plaintiff was to purchase a lot for defendant, to secure a loan of $5,000 thereon, and to superintend the erection of the building on the lot for a compensation equal to 10 per cent. of the actual cost of the building, and plaintiff was discharged after the contract for the erection had been let, he could not recover, in the absence of proof of the actual cost of the building erected.

2. SAME—ESTIMATES—EVIDENCE.

Estimates of the cost of a building, made from the plans, were irrelevant.

3. JUDGMENT—DESIGNATION OF AMOUNT—SET-OFF AND COUNTERCLAIM.

Where, in an action on a contract to pay plaintiff 10 per cent. of the actual cost of a building, plaintiff had given a note for $250, payable out of the amount he was entitled to receive under such contract, and plaintiff admitted defendant was entitled to recover the amount of the note under her counterclaim, a judgment in favor of plaintiff, making no deduction for the note and interest thereon, was erroneous.

Appeal from Appellate Term.

Action by John J. Fish against Henrietta Hahn. From a determination of the Appellate Term, affirming a judgment of the City Court in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, LAUGHLIN, and HOUGHTON, JJ.

Charles L. Burr, for appellant.
August P. Wagener, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for the breach of a contract. The complaint alleges, in substance, that the plaintiff was employed by the defendant to purchase a plot of land, secure a loan of $5,000 thereon, and thereafter to superintend the erection of a building upon such lot; that for the services to be thus rendered the defendant agreed to pay him 10 per cent. of the actual cost of the building; that the plaintiff fully performed the contract on his part, except in so far as prevented by defendant; that the estimated value of the cost of the building was $9,295.95; and that he was entitled by reason of his contract to 10 per cent. of that amount, less $250, which had been paid to him, for which sum judgment was demanded, with interest. The answer denied the material allegations of the complaint, alleged payment, and set up a counterclaim of $250, the amount due on a promissory note made by plaintiff to defendant. In the reply plaintiff admitted the execution and delivery of the note and its non-

payment, but alleged that it was agreed, when given, that the amount of the same should be deducted from whatever was coming to the plaintiff under his contract with the defendant.

At the trial it appeared that the defendant, contemplating the erection of a stable, entered into an oral contract with the plaintiff by which he was to purchase for her a lot, procure a loan of $5,000 thereon, and also obtain plans and specifications for the building; that the lot was purchased, the loan obtained, estimates submitted, and the erection of the building commenced; that some time thereafter the plaintiff borrowed from the defendant $500 in cash, and a few days later a settlement was had between the parties, by which it was agreed that plaintiff was entitled to $250 for the services rendered by him "to date," and he gave his note for the remaining $250; that subsequently the defendant notified the plaintiff that she had awarded the contract for the erection of the building to a third party, and his services were no longer desired; that he insisted upon going on with what he alleged was his contract in superintending the erection of the building, but was prevented by defendant from doing so. Certain estimates relating to the cost of the building were introduced in evidence over defendant's objection, which showed that the building to be erected would cost $9,295.95. No proof whatever was offered as to the actual cost of the building, though it had been completed at the time of the trial, and the contractor who erected it was a witness. At the close of the plaintiff's case, defendant moved to dismiss the complaint upon various grounds, among others that the plaintiff had failed to prove the cause of action set out in the complaint, in that he had offered no evidence as to the actual cost of the building. The motion was denied, and an exception taken, and a similar motion was made at the close of the whole case, which was also denied, and an exception taken, and the court was requested to direct the jury to render a verdict for defendant on substantially the same ground, which was also denied, and an exception taken.

I am of the opinion the exceptions were well taken. The action, as already indicated, is to recover damages for breach of a contract. The complaint sets out its terms. It alleges that the plaintiff was to do certain things, and, among others, "to watch the progress and generally superintend the work and building during the excavation of the cellar and the erection of the building until the completion thereof, for which defendant agreed and promised to pay plaintiff　*　*　*　10 per cent., to be figured on the actual cost of the building; defendant to pay as the work progressed and as each of the subcontractors was entitled to payment." At the trial the proof on the part of the plaintiff tended to establish the contract as alleged, and as the only contract under which plaintiff rendered any service whatever. He himself testified:

"I was to be paid at the rate of 10 per cent. on the total cost of the construction of the building. That was to be paid in monthly installments. I was to submit bills to Mrs. Hahn every month for money expended during the month, and I was to receive a check for that, to be paid to the subcontractors, and 10 per cent. additional for my services; 10 per cent. based on the total amount of the cost of the building.　*　*　*　My compensation under that contract with the defendant for the superintendence of this stable

building was to be 10 per cent. of the cost of the erection of the building. * * * I was to superintend the erection, and construction of that stable, and for my services as superintendent I was to receive 10 per cent. of the actual cost of the stable, and that is all the services I was to perform."

Notwithstanding the specific allegation of the complaint that plaintiff's compensation was to be based on the actual cost of the building, and his proof to the same effect, a recovery has nevertheless been had, not for 10 per cent. of the actual cost of the building, but for 10 per cent. of what somebody estimated it would cost before it was erected. Whether the building cost more or less than the estimate is a pure speculation. Obviously, a recovery based on such evidence cannot stand. Before plaintiff could recover, therefore, he had to prove, under the contract alleged and proved, what the building actually cost. He did not do this, and therefore the complaint should have been dismissed, or a verdict directed for the defendant.

The estimates of the cost of the building should not have been admitted in evidence. They did not prove or tend to prove plaintiff's cause of action. He was entitled to recover, if at all, 10 per cent. of the actual, and not of the estimated, cost of the building. The determination of the Appellate Term and the judgment of the City Court, therefore, must be reversed; and, inasmuch as there must be a new trial, it may not be out of place to call attention to another error which occurred at the trial.

The plaintiff, according to the allegations of his complaint and proof, had but one contract, by the terms of which he was entitled to 10 per cent. of the actual cost of the building, less $250 paid thereon. This is the amount for which judgment is demanded, with interest from a date stated. The answer sets up a counterclaim upon a promissory note for $250 and interest from February 2, 1903. That the defendant was entitled to recover upon this counterclaim was conceded. The plaintiff, however, had a recovery for the amount claimed in the complaint; no deduction being made for the amount due on the promissory note and interest thereon. This amount should have been deducted from the amount found due the plaintiff, and the jury should have been so instructed.

The determination of the Appellate Term and the judgment of the City Court are reversed, and a new trial ordered, with costs to appellant to abide event. All concur.